**RICKEY IVIE (S.B.N: 76864)**
rivie@imwlaw.com
**DAVIDA M. FRIEMAN (S.B.N. 232096)**
dfrieman@imwlaw.com
**ANTONIO K. KIZZIE (S.B.N. 279719)**
akizzie@imwlaw.com
**IVIE, McNEILL & WYATT**
444 S. Flower Street, 18th Floor
Los Angeles, CA 90017-2919
(213) 489-0028/(213) 489-0552 FAX

Attorneys for Defendants,
**COUNTY OF LOS ANGELES, et al**.

**Public Entity**
**Exempt from Filing Fee**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDNA CASTRO, individually and as Successor in Interest to ROBERT McAFEE, deceased; R.M., a minor, individually; and C.M., a minor, individually,<br><br>*Plaintiffs,*<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a municipal entity, and DOES 1 through 10, Inclusive,<br><br>*Defendants.* | CASE NO.: CV13-6631 (CAS) (SSx)<br>[Hon. Christine A. Snyder<br>Courtroom 5]<br>Complaint Filed: September 10, 2013<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE LEGAL OPINION FROM PLAINTIFF'S EXPERT SCOTT A. DEFOE**<br><br>Second Amended Complaint Filed: September 15, 2014<br>Trial Date: May 19, 2015<br>Final Pretrial Conf.: April 20, 2015 |

**TO: ALL PARTIES AND TO THEIR ATTORNEYS OF RECORDS HEREIN:**

---

PLEASE TAKE NOTICE that Defendant County of Los Angeles, et.al. ("Defendants," collectively) move the Court, in limine, for an Order excluding legal opinions that the use of force was "unreasonable/excessive" from Plaintiff's expert, Scott A. Defoe ("Mr. Defoe") upon the grounds that such opinions fall outside of the scope of Mr. Defoe's Federal Rules of Evidence ("FRE") 702 expertise, are to be determined solely by a jury, misstate facts and/or law, improper and may mislead/confuse a jury.

This motion is made pursuant to a conference of counsel on March 17, 2015. Exhibit B. This Motion is based upon the Memorandum of Points and Authorities, the Declaration of Antonio K. Kizzie attached hereto, all papers, documents, pleadings and records on file herein, such supplemental declarations and documents as may be filed subsequently herein, and such other oral and documentary evidence as may be presented at the hearing of this Motion, if any.

**Dated: March 23, 2015**     **IVIE, McNEILL & WYATT**

/s/ ANTONIO K. KIZZIE, ESQ.
_____
**RICKEY IVIE, ESQ**
**ANTONIO K. KIZZIE, ESQ.**
**Attorneys for Defendant, County of Los Angeles, et. al.**

---

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE LEGAL OPINION FROM PLAINTIFF'S EXPERT SCOTT A. DEFOE**

- 2 -

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.      STATEMENT OF FACTS/ARGUMENT

Plaintiffs Edna Castro, et. al. ("Plaintiffs," collectively) allege that on July 19, 2013 Defendants Sgt. Pablo Partida, et. al. ("Defendants," collectively) used excessive/unreasonable force during Robert McAfee's ("decedent") arrest in violation of his rights. Plaintiffs second amended complaint for damages ("SAC") asserts three (3) causes of action for: 1) Violation of Civil Rights under 42 U.S.C. § 1983 Unreasonable Force; 2) Violation of Civil Rights under 42 U.S.C. § 1983 Municipal Liability; 3) Wrongful Death Cal. Govt. Code § 815.2. **Dkt. 28.**

Defendants dispute Plaintiff's allegations and contend that the force used was reasonable and necessary considering that the decedent was armed and/or preparing to arm himself with a gun, that was recovered, at the time the force was used. During discovery, plaintiffs' expert, Scott A. Defoe ("Mr. Defoe"), was deposed and offered opinions that the force used may be "reasonable" or "unreasonable" depending on which set of facts the jurors believe. **Exhibit A.**

The trier of fact in this case will be asked to decide the ultimate legal question as to whether for force used was reasonable or unreasonable/excessive. Therefore, such testimony should be excluded because said legal opinions are

outside of the scope of Mr. Defoe's Rule 702 expertise, speculative/lack foundation, would confuse the jury, misstate facts/law, and/or pertain to a determination of credibility and/or an ultimate disputed issue of law or fact which is a matter solely to be decided by the jury. United States v. Binder, 769 F.2d 595, 602 (9th Cir. 1985) (Determination of credibility which is a matter to be decided by the jury.); United States v. Sanchez-Lima, 161 F.3d 545, 548 (9th Cir. 1998); Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1017 (9th Cir. (2004) (**An ultimate disputed issue of law is solely for the jury to decide**.); Choi v. Gaston, 220 F.3d 1010, 1012-13 (9th Cir. 2000); *see also* Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1292 (9th. Cir. 1999).

## II. LEGAL AUTHORITY

Before allowing an expert to testify, the Court has a responsibility to determine whether the expert's opinion rests on a reliable foundation and is relevant to the issue before the Court. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999); Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993). Federal Rule of Evidence 702 governs the admissibility of expert testimony in federal court and provides as follows:

"If scientific, technical, or other specialized knowledge will assist the trier

of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

A district court may, but is not required to, hold a pre-trial hearing to determine admissibility of expert testimony. United States v. Alatorre, 222 F.3d 1098, 1099 (9th Cir. 2000).

### III. LEGAL OPINIONS ARE BEYOND MR. DEFOE'S RULE 702 EXPERTISE AND SHOULD BE EXCLUDED

Mr. Defoe testifies that the force used in this incident may be "reasonable" or "unreasonable" depending on which version of facts the jury believes. **Exhibit A.** Mr. Defoe also proceeds to claim that the force would be "reasonable" under one set of facts and "unreasonable" under another set of facts. **Exhibit B.**

However, Mr. Defoe does not possess the qualifications to render any legal opinions in this matter. Mr. Defoe's CV shows that Mr. Defoe is not a California bar admitted attorney and did not go to law school. **Exhibit C.** However, Mr. Mr.

---

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE LEGAL OPINION FROM PLAINTIFF'S EXPERT SCOTT A. DEFOE**
- 5 –

Defoe explicitly and clearly intends to introduce opinions that the use of force was "unreasonable/excessive" and offers legal opinions which are solely up to the trier of fact to determine.

The issue of credibility is to be determined by a jury. Hangarter v. Provident Life & Accident Ins. Co. 373 F.3d 998, 1017 (9th Cir. (2004). "Expert testimony should not be permitted if it concerns a subject improper for expert testimony, for example, one that invades the province of the jury." United States v. Binder, 769 F.2d 595, 602 (9th Cir. 1985). For example, "[c]redibility is a matter to be decided by the jury." Id.; *see also* United States v. Sanchez-Lima, 161 F.3d 545, 548 (9th Cir. 1998). Further, "**an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law**." Hangarter, 373 F.3d at 1017. " Similarly, instructing the jury as to the applicable law 'is the distinct and exclusive province' of the court." Id. FRE 704 (An expert witness may not decide disputed facts, may not give legal conclusions, and may not give credibility determinations.) Therefore, such opinions should be excluded.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion in Limine No. 4.

---

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE LEGAL OPINION FROM PLAINTIFF'S EXPERT SCOTT A. DEFOE**

- 6 -

| | |
|---|---|
| Dated:  March 23, 2015 | IVIE, McNEILL & WYATT |
| | ____/s/ Antonio Kizzie_____<br>**RICKEY IVIE**<br>**ANTONIO KIZZIE**<br>**ELVIN TABAH**<br>**Attorneys for Defendants**<br>**County of Los Angeles, et al.** |

_____

**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE LEGAL OPINION FROM PLAINTIFF'S EXPERT SCOTT A. DEFOE**