UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|---|---|---|---|
| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. | | |

Present: The Honorable     CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:          Attorneys Present for Defendants:

Brian Dunn                    Davida Frieman
                              Rickey Ivie

**Proceedings:** PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE THAT NO CRIMINAL CHARGES WERE BROUGHT AND NO INTERNAL DISCIPLINE WAS IMPOSED AGAINST DEFENDANT SERGEANT PABLO PARTIDA (dkt. 48, filed Mar. 23, 2015)

PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DRUGS IN DECEDENT'S SYSTEM AT THE TIME OF THE SUBJECT SHOOTING INCIDENT (dkt. 49, filed Mar. 23, 2015)

PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DECEDENT'S PRIOR HISTORY OF DRUG USE (dkt. 50, filed Mar. 23, 2015)

PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DECEDENT'S PURPORTED MEMBERSHIP, AFFILIATION, AND/OR ASSOCIATION WITH A STREET GANG (dkt. 51, filed Mar. 23, 2015)

PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DECEDENT'S PRIOR "BAD ACTS" (dkt. 52, filed Mar. 23, 2015)

PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS' EXPERT MARVIN PIETRUSZKA, M.D. FROM OFFERING CERTAIN OPINIONS AT TRIAL (dkt. 53, filed Mar. 23, 2015)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|---|---|---|---|

| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. |
|---|---|

**Proceedings (Continued):** DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO DEFENDANT PARTIDA'S PRIOR LAWSUIT (dkt. 55, filed July 6, 2015)

DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO FERGUSON, EZELL FORD, ERIC GARNER, LASD, PROTESTS (dkt. 56, filed July 6, 2015)

DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE PAST COMPLAINTS (dkt. 46, filed Mar. 23, 2015)

DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE LEGAL OPINION FROM PLAINTIFF'S EXPERT SCOTT A. DEFOE (dkt. 57, filed July 6, 2015)

DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S EXPERT SCOTT A. DEFOE'S FIRST OPINION (dkt. 58, filed July 6, 2015)

## I.     INTRODUCTION & BACKGROUND

The present action arises out of the death of Robert McAfee ("decedent"), allegedly as the result of the use of excessive force against him by defendant Sergeant Pablo Partida of the Los Angeles County Sheriff's Department ("LASD").  On September 10, 2013, plaintiffs Edna Castro, as successor in interest to decedent, and minors R.M. and C.M., by and through their mother and guardian *ad litem* Edna Castro, filed this action against the County of Los Angeles, Sergeant Partida, and Does 2-10.  Dkt. 1. Plaintiffs filed the operative second amended complaint ("SAC") on September 15, 2014. Dkt. 28.

The SAC alleges the following claims: (1) unreasonable use of deadly force, in violation of 42 U.S.C. § 1983; (2) policy of failure to train, in violation of 42 U.S.C. § 1983; (3) wrongful death under California Government Code §§ 815.2(2), 802(a), and California Civil Code § 43.  Id.  Plaintiffs seek, <u>inter alia</u>, wrongful death and survival

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                      'O'

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|----------|------------------------|------|----------------|
| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. |

damages.  Id.[1]  In brief, the SAC alleges that, on July 19, 2013, at approximately 11:42 a.m., decedent was sitting on the front porch of his father's house in West Whittier, California, when he was he was confronted, pursued, and ultimately fatally shot by Sergeant Partida.  SAC ¶ 13.  Plaintiffs allege that Sergeant Partida acted without reasonable suspicion that a crime had been or would be committed by decedent, and that decedent posed no reasonable credible threat of violence to Sergeant Partida.  Id. ¶¶ 13, 14.  In contrast, defendants contend that decedent was in possession of a fire arm, which he pointed at Sergeant Partida, and subsequently threw over a hedge into the yard of a residence.

Trial in this matter is currently scheduled to commence on August 18, 2015.  Dkt. 58.  The Court held a hearing on August 3, 2015.  Having carefully considered the parties' arguments, the Court finds and concludes and follows.

## II.    DISCUSSION

### A.    Plaintiffs' Motion *in Limine* to Exclude Evidence That No Criminal Charges Were Brought and No Internal Discipline Was Imposed Against Sergeant Partida

Pursuant to Federal Rule of Evidence 403, plaintiffs seek to exclude any reference to the fact that Sergeant Partida was neither criminally charged, nor internally disciplined, for the subject shooting of decedent.  Dkt. 48.  Defendants have not opposed plaintiffs' motion.

The Court agrees with plaintiffs that, because the standard of proof in the instant civil case diverges substantially from both LASD's internal disciplinary standards and the standard required to bring criminal charges against an individual, any probative value of the aforementioned evidence is substantially outweighed by the risk of unfair prejudice.  Moreover, under Local Rule 7-12, defendants' failure to file an opposition may be deemed consent to granting plaintiffs' motion.  C.D. Cal. L.R. 7-12; see Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (*per curiam* ) (affirming grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's failure to oppose as consent to granting the motion).  Accordingly, the Court GRANTS plaintiffs' motion to

---

[1] The parties stipulated to the dismissal of plaintiffs' second claim on January 2, 2015.  Dkt. 41.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |

| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. |

exclude reference to the fact that Sergeant Partida was neither criminally charged, nor internally disciplined, for the subject shooting of decedent.

**B.     Plaintiffs' Motion *in Limine* to Exclude Evidence of Decedent's Prior "Bad Acts"**

Pursuant to Federal Rules of Evidence 401, 402, 403, 404, and 609, plaintiffs seek to exclude evidence of decedent's criminal record as well as other "bad acts" allegedly committed by decedent. Dkt. 52. Defendants opposed plaintiff's motion on July 13, 2015. Dkt. 62.

Plaintiffs seek to exclude the entirety of decedent's criminal record, which consists of, inter alia, two felony convictions in 2012 and 2009 for being a felon in possession of a firearm; several 2008 and 2009 convictions for use and possession of controlled substances; a 2006 conviction for battery on a spouse or cohabitant; and several 2005 and 2006 convictions for driving on a suspended license. Mot. Lim. at 1-2. Plaintiffs likewise seek to exclude any other criminal charges brought against decedent not resulting in a conviction; any other warrants, arrests, and/or criminal charges that were later dismissed and/or did not result in a conviction; any arrests, charges, findings, and/or convictions from any juvenile court or proceeding; decedent's periods of incarceration in any jail or other correctional facility; and decedent's parolee status at the time of the underlying shooting incident. Id. at 2-3.

**1.     Liability**

Plaintiffs contend that decedent's prior criminal convictions are irrelevant to whether Sergeant Partida's use of force was objectively reasonable, since Sergeant Partida was not aware of this criminal history at the time of the shooting. Id. at 4. As to decedent's parolee status, plaintiffs concede that Sergeant Partida "did have information that a parolee named Robert McAfee was reportedly living at the location where the subject shooting incident occurred, and had seen a photograph of Robert McAfee prior to the shooting." Id. However, plaintiffs contend that Sergeant Partida was not aware of decedent's identity at the time of the shooting, pointing to Sergeant Partida's deposition testimony. Id. Specifically, when asked if he knew decedent was Robert McAfee when he first saw him on July 19, 2013, Sergeant Partida answered, "No." Dunn Decl., Ex. 1 (Partida Depo.) at 23:13-17. Sergeant Partida, however, subsequently elaborated, stating that he "had an idea in [his] head" that "it could possibly be [Robert McAfee.]" Id. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                'O'

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|----------|------------------------|------|----------------|

| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. |
|-------|-----------------------------------------------------|

23:22-3:1.  Further, because decedent plainly will not be testifying at trial, plaintiffs contend that the aforementioned evidence cannot be used for impeachment purposes pursuant to Rule 609, and thus will serve as impermissible "back-door" character evidence, in contravention of Rule 404(b).  Id. at 4-5.  Finally, to the extent that decedent's criminal record and parolee status carry any probative value, plaintiffs contend that such evidence must be excluded as unfairly prejudicial under Rule 403.  Id. at 5.

In opposition, defendants assert that decedent's prior convictions and other acts are relevant and admissible pursuant to Rule 404(b) because they "provide motive for decedent to flee from the deputy vehicles, point a gun at Sgt. Partida and then attempt to throw away the firearm."  Opp'n at 5.  Specifically, defendants contend that decedent faced substantial prison time if caught violating his conditions of parole by possessing a firearm and using narcotics, and this information serves to explain decedent's decision to run and his "erratic behavior."  Id. at 6.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and that fact "is of consequence in determining the action."  Fed. R. Evid. 401.  Only relevant evidence is admissible.  Fed. R. Evid. 402.  In an excessive force case such as this, the relevant inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  Graham v. Connor, 490 U.S. 386, 397 (1989).  Thus, evidence regarding a decedent's criminal history may be relevant and admissible in an excessive force case, provided that the officers were aware of such information at the time of incident.  Compare Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1328 (9th Cir. 1995) (affirming admission of officers' testimony concerning "the facts known to them regarding [plaintiff]'s criminal past"), with Stringer v. City of San Pablo, 2009 WL 5215396 (N.D. Cal. Dec. 28, 2009) (concluding that evidence of plaintiff's criminal history was "overwhelmingly prejudicial" where officers lacked such knowledge when the incident occurred).

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is inadmissible to prove character or criminal propensity but is admissible for other purposes, such as proof of intent, plan, or knowledge.  Fed. R. Evid. 404(b).  If "other acts" evidence is offered for a permissible purpose, Rule 404(b) requires that the trial judge balance the probative value of the evidence against its prejudicial effect.  As the Advisory Committee Notes to Rule 404 state: "The determination must be made whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|---|---|---|---|
| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. | | |

the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other facts appropriate for making decision[s] of this kind under Rule 403."  Fed. R. Evid. 404, Advisory Committee Notes.

As to decedent's prior criminal convictions—as well as any arrests, charges, warrants, failed prosecutions, and periods of incarceration—the Court concludes that such evidence is not relevant to plaintiffs' claim for excessive force.  It is undisputed that Sergeant Partida was not aware of decedent's criminal record at the time of the underlying incident.  As such, the record does not inform the ultimate inquiry—whether Sergeant Partida's use of force was " 'objectively reasonable' in light of the facts and circumstances confronting [him]" on July 19, 2013.  Graham, 490 U.S. at 397.

Moreover, although defendants contend that decedent's criminal convictions provide "motive" for decedent's decision to flee, the fact of decedent's flight is not disputed, and decedent's motive for fleeing is not a fact of consequence in determining the instant action.  Rather, admission of decedent's criminal record would appear to serve the purpose expressly prohibited by Rule 404(b)—i.e., it would tend to demonstrate that decedent had a criminal character and acted in conformity therewith by fleeing from law enforcement and pointing a gun at Sergeant Partida.  This underscores the risk that such evidence could lead a jury to find in favor of defendants because decedent was a "bad guy," not because Sergeant Partida's use of force was objectively reasonable.  See Old Chief v. United States, 519 U.S. 172, 181 (1997) (explaining that character evidence creates the risk that a jury will convict a criminal defendant because he is a "bad person [who] deserves punishment.").

As to decedent's parolee status, contrary to plaintiffs' assertions, it appears to the Court that Sergeant Partida's deposition testimony indicates that he was aware of decedent's parole status at the time of the underlying incident.  Indeed, plaintiffs acknowledge that, "Sergeant Partida [had] information that a parolee named Robert McAfee was reportedly living at the location where the subject shooting incident occurred, and had seen a photograph of Robert McAfee prior to the shooting."  Mot. Lim. at 4.  Moreover, it is undisputed that Sergeant Partida testified at his deposition that he "had some idea" that decedent was Robert McAfee on July 19, 2013.  Thus, decedent's known parolee status informs the objective inquiry into the reasonableness of Sergeant Partida's actions.  Although nothing in the record indicates that Sergeant Partida was aware of the reason decedent was on parole, the probative value of this evidence is nonetheless high, since it indicates that Sergeant Partida was aware that he was dealing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | | Date | August 3, 2015 |
|---|---|---|---|---|
| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. | | | |

with an individual with some form of criminal history.  Further, the probative value is not *substantially* outweighed by the risk of unfair prejudice to plaintiffs, Fed. R. Evid. 403, and the Court will address plaintiffs' concern regarding unfair prejudice with an appropriate limiting instruction for the jury.  To the extent that plaintiffs contend that Sergeant Partida equivocated during his deposition regarding his knowledge of decedent's parolee status, this is an appropriate subject for cross-examination, not a basis for exclusion.

###     2.     Damages

Plaintiffs contend that decedent's criminal record and periods of incarceration are not relevant to damages, and, to the extent that they are, request that the Court limit introduction of such evidence "to the fact of incarceration and the length thereof."  Mot. Lim. at 6.  Defendants do not respond to these contentions.

The Court concludes that evidence concerning the fact of decedent's prior incarceration and the duration thereof is relevant to the determination of noneconomic damages.[2]  Under California law, "designated surviving relatives or the decedent's heirs at law can recover . . .  noneconomic damages for being deprived of the decedent's society and comfort."  Garcia v. Superior Court, 42 Cal. App. 4th 177, 186-87 (1996) (citing Krouse v. Graham, 19 Cal. 3d 59, 67-68 (1997)).  Decedent's periods of prior incarceration are relevant to noneconomic damages, since incarceration would tend to reduce the amount of "society and comfort" decedent could provide to his family.  See Lopez v. Aitken, No. 07-CV-2028, 2011 WL 672798, at *4 (S.D. Cal. Feb. 18, 2011) ("[Decedent's] past separation from Plaintiff and Cross-claimant are pertinent to the amount of pecuniary support, comfort, and society [decedent] would have otherwise provided them." (citing Peraza v. Dalmeter, 722 F.2d 1455, 1457 (9th Cir.1984)).  However, the Court concludes that "[t]he nature of the convictions that led to the earlier

---

[2] Although the SAC indicates that plaintiffs seek both economic and non-economic damages in connection with their wrongful death claim, SAC ¶ 49, in the instant motion, plaintiffs appear to argue that they only seek non-economic damages, citing Galindo v. Tassio, No. C13-00105, 2014 U.S. Dist. LEXIS 84396, at *6-8 (N.D. Cal. June 19, 2014), for the proposition that "[i]n cases where a wrongful death plaintiff is not seeking an award of economic damages based on the loss of the decedent's financial support, gifts or benefits, or household services, the decedent's criminal history is irrelevant."  Mot. Lim. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. |

incarcerations . . . is not relevant to damages, . . . and would have a prejudicial impact that would substantially outweigh any probative value that exists." Id.[3]  Moreover, to avoid any unfair prejudice from use of the term "incarceration," the parties shall refer to decedent's periods of incarceration as "time away from the home," or equivalent neutral phrasing.

    In sum, plaintiffs' motion is GRANTED in part and DENIED in part.  As to liability, the motion is GRANTED insofar as plaintiffs seek to exclude evidence of decedent's criminal record, but DENIED insofar as plaintiff's seek to exclude evidence that Sergeant Partida was aware of decedent's parolee status.  As to damages, the motion is GRANTED to the extent that plaintiffs seek to exclude reference to the specifics of decedent's criminal record, but DENIED to the extent that plaintiffs seek to exclude reference to the fact and duration of decedent's prior incarceration.

###    C.    Plaintiffs' Motion *in Limine* to Exclude Evidence of Drugs in Decedent's System at the Time of the Subject Incident

     Pursuant to Rules 401, 402, and 403, plaintiffs seek to exclude evidence and argument concerning the presence of methamphetamine/amphetamine and marijuana in decedent's system at the time of the subject shooting and at the time of autopsy.  Dkt. 49.  Defendants opposed this motion on July 13, 2015.  Dkt. 59.

    Plaintiffs contend that the aforementioned evidence has no probative value, since Sergeant Partida did not believe that decedent was under the influence of drugs at the time of the underlying incident, and the evidence is unduly prejudicial, since a jury could improperly base their verdict on their dislike for drug users.  Mot. Lim. at 2-4.  In opposition, defendants contend that decedent's intoxication informs the reasonableness analysis, since Sergeant Partida's deposition indicates that "the area was a known drug location, the deputy had arrested the decedent's brother for drug use in the weeks prior and [] Partida suspected the decedent was involved with drugs."  Opp'n at 8.  Further, defendants contend that where, as here, the decedent's pre-shooting conduct is disputed,

––––––––––––––––––––

    [3] The Court notes that, if plaintiffs do indeed seek economic damages at trial—despite their representations to the contrary in the instant motion—decedent's periods of incarceration and duration thereof are likewise relevant to the determination of economic damages.  Lopez, 2011 WL 672798, at *4; Galindo, 2014 U.S. Dist. LEXIS 84396, at *6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|---|---|---|---|

| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. |
|---|---|

evidence of intoxication is admissible if it tends to corroborate the defendants' version of decedent's behavior. Id. at 5-7.

      As to the inquiry into the objective reasonableness of Sergeant Partida's use of force, the deposition testimony to which defendants direct the Court does not indicate that Sergeant Partida suspected that decedent was intoxicated. Instead, when asked whether he had a "reasonable belief that criminal activity [was] afoot" on July 19, 2013, Sergeant Partida simply responded that he had "reasonable suspicion . . . of drugs at the location." Opp'n, Ex. B (Partida Depo.) at 31:19-24. Ninth Circuit authority is clear that a decedent's intoxication is not relevant to the reasonableness inquiry where an officer is unaware of such facts. Hayes v.County of San Diego, 736 F.3d 1223, 1232-33 (9th Cir. 2013) (citing Graham, 490 U.S. at 396) (refusing to consider suspect's intoxication in determining whether defendant deputies' use of deadly force was objectively reasonable where deputies were not aware of intoxication). Accordingly, evidence of decedent's intoxication is not relevant to the excessive force totality of the circumstances inquiry. Accord Turner v. Cnty. of Kern, No. 1:11-CV-1366, 2014 WL 560834, at *3 (E.D. Cal. Feb. 13, 2014) (under Hayes, evidence of intoxication "is not relevant to the excessive force totality of the circumstances inquiry.").

      Notwithstanding the foregoing, evidence of decedent's intoxication may be admissible to corroborate Sergeant Partida's version of events, since decedent's pre-shooting conduct is disputed. In Boyd v. City & Cnty. of San Francisco, the Ninth Circuit upheld a ruling permitting evidence that a decedent was under the influence of drugs at the time of a police shooting, since such evidence "was highly probative of his conduct, particularly in light of his alleged erratic behavior . . . ." 576 F.3d 938, 949 (9th Cir. 2009). In Boyd, decedent was shot and killed by police officers after leading the officers on a high-speed car chase. In the subsequent civil suit brought by decedent's family, the police advanced a "suicide-by-cop" theory, alleging that decedent was "acting erratically, taunting police and goading them to shoot him instead of following police commands." Id. at 944; see also Cotton v. City of Eureka, Cal., No. CV 08-04386, 2010 WL 5154945, at *7 (N.D. Cal. Dec. 14, 2010) (admitting evidence of LSD in decedent's system where witnesses "observed that the Decedent's behavior . . . at the time of his arrest was erratic and abnormal, and possibly the result of the influence of illegal drugs."); T.D.W. v. Riverside Cnty., No. CV 08-232, 2010 WL 1006618, at *3 (C.D. Cal. Mar. 11, 2010) (finding no error in admission of evidence of decedent's intoxication where defendant deputy alleged, inter alia, that "decedent stared at [the deputy] in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|---|---|---|---|

| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. |
|---|---|

manner that suggested he was on drugs . . . [and] stared into a spotlight without flinching.").

Here, defendants allege that decedent's intoxication tends to corroborate Sergeant Partida's contention that decedent made the irrational decision to flee and point a gun at him. It thus appears that, under <u>Boyd</u>, evidence of decedent's intoxication is admissible to corroborate Sergeant Partida's version of events. See <u>Turner</u>, 2014 WL 560834, at *3 ("because [decedent's] actions and conduct are in dispute, <u>Boyd</u>, and not <u>Hayes</u>, controls. However, . . . the evidence [of decedent's intoxication] is relevant only to explain [decedent's] conduct and to corroborate the officers' version of events."). Moreover, with a proper limiting instruction to the jury, the risk of unfair prejudice to plaintiffs does not substantially outweigh the probative value of this evidence.

Accordingly, Plaintiffs' motion is GRANTED in part and DENIED in part. Specifically, it is GRANTED insofar as defendants seek to introduce evidence of decedent's intoxication to prove that it was objectively reasonable for Sergeant Partida to use lethal force. However, it is DENIED insofar as defendants seek to introduce this evidence to corroborate Sergeant Partida's version of decedent's pre-shooting behavior.

**D.     Plaintiffs' Motion *in Limine* to Exclude Evidence of Decedent's Prior History of Drug Use**

Pursuant to Federal Rules of Evidence 401, 402, 403, and 404, plaintiffs seek to exclude all evidence, testimony, and argument concerning decedent's prior history of drug use, including, but not limited to, decedent's prior use of methamphetamine / amphetamine, marijuana, and heroin. Dkt. 50. Defendants opposed this motion on July 13, 2015. Dkt. 60.

Plaintiffs contend that decedent's history of drug use is relevant to neither the issue of liability, nor the issue of damages. As to liability, the Court agrees that, because there is nothing in the record indicating that Sergeant Partida was aware of decedent's history of drug use, this history is not relevant to determining whether Sergeant Partida's use of force was objectively reasonable on July 19, 2013. <u>Graham</u>, 490 U.S. at 396 ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|---|---|---|---|

| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. |
|---|---|

Defendants resist this conclusion, arguing that the instant motion "is duplicative" of plaintiffs' motion to exclude evidence of decedent's intoxication at the time of the shooting "and should be denied for the same reasons"—namely, because decedent's pre-shooting conduct is disputed. Opp'n at 3-4. However, the authority cited by defendants in the instant opposition—which simply recapitulates authority cited in defendants' opposition to plaintiffs' motion to exclude evidence of decedent's intoxication—does not support defendants' position. Instead, this authority solely supports admission of the decedent's intoxication where the decedent's pre-shooting conduct is disputed, but not admission of the decedent's drug history. See, e.g., Boyd, 576 F.3d at 949 (admitting evidence of decedent's intoxication because it was "highly probative of his conduct" preceding the shooting); Turner v. White, 980 F.2d 1180, 1182 (8th Cir. 1992) (affirming admission of decedent's alcohol consumption *on the day of the underlying incident* because it was "relevant to the question of [decedent's] actions and reactions when the officers shouted at them to get out of the car."); Lopez, 2011 WL 672798, at *2 ("Defendants do not seek to introduce evidence of past instances of intoxication 'in order to show action in conformity therewith.' []. Rather, Defendants seek to introduce evidence of [decedent's] intoxication *at the time of the incident.* This evidence is relevant and admissible." (emphasis in original)). Unlike evidence of decedent's intoxication, defendants do not explain—and the Court cannot discern—how decedent's prior drug use is probative of decedent's conduct on the day of the shooting.

As to damages, however, the Court concludes that decedent's history of drug use is relevant to proof of both economic and noneconomic damages. With regard to noneconomic damages, "[i]f [decedent] had a significant drug problem at the time of the incident, [his] relationship with [his] [wife and children] could have been adversely [a]ffected prior to his death which may be related to [their] loss of consortium and loss of society claims." Aguilar v. Cnty. of Fresno, Cal., No. 1:08-CV-1202, 2009 WL 3617984, at *5 (E.D. Cal. Oct. 29, 2009). Further, although plaintiffs appear to disavow that they seek economic damages, as discussed supra, to the extent that they do seek compensation for the "substantial economic damages" they allegedly sustained, SAC ¶ 49, decedent's history of drug use is relevant to his life expectancy. See Allen v. Toledo, 109 Cal. App. 3d 415, 424 (1980) (in wrongful death action, "[t]he life expectancy of the deceased is a question of fact for the jury to decide [citation], considering all relevant factors including the deceased's health, lifestyle and occupation."). In turn, life expectancy informs the measure of economic damages. McAsey v. U.S. Dep't of Navy, 201 F. Supp. 2d 1081, 1097 (N.D. Cal. 2002) ("In wrongful death actions, damages for pecuniary loss are limited by the life expectancy of the decedent immediately before he sustained the injuries which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|----------|------------------------|------|----------------|

| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. |
|-------|------------------------------------------------------|

caused his death." (citing <u>Redfield v. Oakland Con. St. R. Co.</u>, 110 Cal. 277, 42 P. 822 (1895))).  To the extent that admission of decedent's drug history might unfairly prejudice plaintiffs, the Court will provide the jury with an appropriate limiting instruction.

In sum, plaintiffs' motion to exclude evidence of decedent's drug history is GRANTED in part and DENIED in part.  Specifically, the motion is GRANTED as to proof of liability, but DENIED as to proof of damages.

**E.     Plaintiffs' Motion *in Limine* to Exclude Evidence of Decedent's Purported Membership, Affiliation, or Association with a Street Gang**

Pursuant to Federal Rules of Evidence 401, 402, 403, and 404, plaintiffs seek to exclude all evidence, testimony, and argument concerning decedent's purported membership, affiliation, and/or association with any street gang, specifically his purported membership in a street gang known as "La Canta Ranas" or "Canta Ranas."  Dkt. 51. Defendants opposed this motion on July 13, 2015.  Dkt. 61.

The record before the Court indicates that, during the underlying incident, Sergeant Partida believed that decedent was a gang member because of "a tattoo on [decedent's] neck" and decedent's "baggy clothing."  Opp'n, Ex. A (Partida Depo.) at 29:3-6.  Sergeant Partida's belief that decedent was a gang member is relevant to an assessment of the objective reasonableness of Sergeant Partida's use of force, since it informs "the facts and circumstances" confronting Sergeant Partida during the underlying incident.  <u>Hayes</u>, 736 F.3d at 1232.  Accordingly, Sergeant Partida may testify that, based on his "training and experience," Partida Depo. at 29:4-5, decedent's neck tattoo and baggy clothing led him to believe that decedent was a gang member.  <u>Accord</u> <u>Galindo</u>, 2014 U.S. Dist. LEXIS 84396 at *4 ("[defendant officers] may testify that [decedent] was wearing a Pittsburgh Pirates hat, which they know to be commonly worn by EHP [gang] members.").

However, nothing in the record indicates that Sergeant Partida knew that decedent was actually affiliated with a gang, let alone that he was specifically affiliated with the "Canta Ranas."  In light of this, the Court concludes that the "probative value [of decedent's alleged gang affiliation] is marginal at best and is substantially outweighed by the risk that the jury draws impermissible character inferences, is misled from the more critical issues in the case, and attaches 'guilt by association' to [decedent]."  <u>Galindo</u>, 2014 U.S. Dist. LEXIS 84396 at *4.  <u>See also</u> <u>Kennedy v. Lockyer</u>, 379 F.3d 1041, 1055 (9th Cir. 2004) ("Our cases make it clear that evidence relating to gang involvement will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                     **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|----------|------------------------|------|----------------|

| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. |
|-------|-----------------------------------------------------|

almost always be prejudicial and will constitute reversible error. . . . [T]he use of gang membership evidence to imply 'guilt by association' is impermissible and prejudicial."); <u>Lopez</u>, 2011 WL 672798, at \*2 (excluding gang affiliation evidence since its "probative value is marginal, at best.").

Accordingly, plaintiffs' motion is GRANTED in part and DENIED in a part. The motion is DENIED insofar as plaintiffs seek to preclude evidence that Sergeant Partida believed that decedent was gang-affiliated based on his observations of decedent's tattoo and clothing. However, the motion is otherwise GRANTED, and there shall be no other argument, testimony, or evidence adduced at trial related to decedent's alleged gang membership.

### F.     Plaintiffs' Motion *in Limine* to Preclude Defendants' Expert Marvin Pietruszka, M.D. from Offering Certain Opinions at Trial

Pursuant to Federal Rules of Evidence 401, 402, 403, 404, and 702, plaintiffs seek to preclude defense expert Marvin Pietruszka, M.D., from offering and/or testifying to certain opinions at the trial of this matter. Pl.'s Mot. Lim. 6 at 1. Defendants opposed this motion on July 13, 2015. Dkt. 63.

Federal Rule of Evidence 702 provides that an expert may testify "in the form of an opinion or otherwise" if his or her "specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue." In <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 589 (1993), the Supreme Court, in addressing admissibility of "scientific expert evidence," held that FRE 702 imposes a "gatekeeping" obligation on the trial judge to "ensure that any and all scientific testimony . . . is not only relevant, but reliable." In <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999), the Supreme Court "clarified that the gatekeeping function is not limited to 'scientific' expert testimony, but applies to all expert testimony." <u>United States v. Hankey</u>, 203 F.3d 1160, 1167 (9th Cir. 2000). However, "[t]he <u>Daubert</u> factors were not intended to be exhaustive nor to apply in every case." <u>Id.</u> at 1168. Further, admissibility of expert opinion generally turns on preliminary questions of law determined by the trial judge, including <u>inter alia</u>, whether the testimony is relevant and reliable, and whether its probative value is substantially outweighed by risk of unfair prejudice, confusion of issues, or undue consumption of time. <u>Id.</u> at 1168.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                              **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|----------|------------------------|------|----------------|

| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. |
|-------|------------------------------------------------------|

According to Dr. Pietruszka's Rule 26 Report, Dr. Pietruszka is a physician licensed by the States of California (1977), Pennsylvania (1975), and Texas (2011) .  Dunn Decl., Ex. 1 (Rule 26 Report) at 1.  He is certified in Anatomic and Clinical Pathology by the American Board of Pathology (1977), in Occupational Medicine by the American Board of Preventative Medicine (2006),  and in Forensic Toxicology by the American Board of Forensic Toxicology (2008).  Id.  Since 1975, he has held myriad teaching and research positions, and currently serves as a Clinical Associate Professor of Pathology, University of Southern California, Keck School of Medicine, as well a the director of Psychmedics Inc. Toxicology Laboratory.  See Pietruszka Curriculum Vitae.

Plaintiff seeks to preclude Dr. Pietruszka from testifying to the following: (1) that decedent was under the influence of a toxic level of methamphetamine at the time of the shooting; (2) that decedent was also under the influence of marijuana at the time of the shooting; (3) the purported effects of methamphetamine and marijuana on decedent's mental state and behavior during the incident; (4) the life expectancy of decedent and the effect that prior drug use may have had on his life expectancy; (5) the life expectancy of methamphetamine users generally; (6) that the version of events surrounding the shooting proffered by Sergeant Partida at his deposition is consistent with the autopsy findings; (7) that, after becoming aware of the autopsy findings, Sergeant Partida did not alter the version of events he initially provided during his post-shooting interview with LASD investigators; and (8) that the version of events proffered by Sergeant Partida at his deposition is reasonable based on the autopsy findings and the history of the subject shooting incident.  Mot. Lim. at 1-2.

As to the first two opinions, Dr. Pietruszka—the director of a toxicology laboratory—is undoubtedly qualified to interpret decedent's autopsy report and associated toxicology reports.  Contrary to plaintiffs' assertions, these reports provide ample foundation for Dr. Pietruszka to opine that decedent was under the influence of marijuana and methamphetamine during the underlying incident.  Moreover, as discussed supra, the fact of decedent's intoxication is relevant to corroborate Sergeant Partida's version of decedent's pre-shooting conduct.

As to the third opinion, the Court concludes that Dr. Pietruszka is qualified to testify, in general, to the effects of methamphetamine and marijuana on behavior, as well as to behaviors associated with certain toxicity levels.  However, the Court agrees with plaintiffs that, absent knowledge of decedent's prior drug use and habituation levels, Dr. Pietruszka may not opine on the purported effects of methamphetamine and marijuana on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|---|---|---|---|

| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. |
|---|---|

*decedent's* mental state and behavior during the subject incident.  Mot. Lim. at 6; see Kunz v. DeFelice, 538 F.3d 667, 676 (7th Cir. 2008) (affirming exclusion of expert testimony regarding effects of drugs on section 1983 plaintiff where expert opinion "was not based on a sound methodology," since expert "knew neither a baseline against which to judge whether [plaintiff] was impaired, nor [plaintiff]'s habituation level (which might influence the impairing effects of the drug)"); accord Turner v. Cnty. of Kern, No. 1:11-CV-1366, 2014 WL 560834, at *4 (E.D. Cal. Feb. 13, 2014) (citing Kunz and excluding expert opinion regarding effects of drugs and alcohol on decedent because opinion "is not based on sufficient facts or data, and is thus unrealiable under FRE 702.").

For similar reasons, the Court also concludes that Dr. Pietruszka, who is a member of the American Academy of Clinical Toxicology, is qualified to proffer his fourth and fifth opinions concerning the potential effects of methamphetamine use on decedent's life expectancy, as well as the effects on the life expectancy on users of methamphetamine in general.  Plaintiffs' concerns that such testimony is based on "insufficient facts and data" concerning decedent's prior drug use are best addressed through rigorous cross-examination.  Further, as discussed supra, decedent's life expectancy is relevant to the issue of damages.

However, the Court concludes that Dr. Pietruszka's sixth, seventh, and eighth opinions—all of which address the credibility of Sergeant Partida's version of the events that occurred on July 19, 2013—are not admissible.  United States v. Binder, 769 F.2d 595, 602 (9th Cir. 1985) overruled on other grounds by United States v. Morales, 108 F.3d 1031, 1035 n. 1 (9th Cir.1997) (en banc) (explaining that an expert witness may not testify specifically about a witness's credibility or in such a manner as to "improperly buttress" a witness's credibility since such testimony invades the province of the jury).

In sum, plaintiffs' motion to exclude the expert testimony of Dr. Pietruszka is GRANTED in part and DENIED in part.  The motion is GRANTED insofar as plaintiffs' seek to exclude Dr. Pietruszka' third and sixth through eighth opinions, identified supra. The motion is otherwise DENIED.

### G.    Defendants' Motion *in Limine* to Exclude Reference to a Prior Lawsuit Filed Against Defendant Partida

Pursuant to Federal Rules of Evidence 402, 403, and 404, defendants seek to exclude any reference, argument, evidence, or testimony regarding a 2008 lawsuit filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|---|---|---|---|
| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. | | |

against Sergeant Partida, that likewise alleged use of excessive force.  Dkt. 55.  Plaintiffs opposed this motion on July 13, 2015.  Dkt. 69.[4]

By way of background, in 2008 an individual named Deon Dirks filed a section 1983 action against then-Deputy Partida.  Dunn. Decl., Ex. 1 (Dirks Complaint).  The complaint alleged that Sergeant Partida and two other deputies arrested Dirks without probable cause, subjected Dirks to excessive force, prepared false and misleading police reports in connection with Dirks' arrest, and ultimately caused Dirks to be maliciously prosecuted.  See id.  In April 2012, a jury returned a verdict in favor of Dirks and against Sergeant Partida, finding that Sergeant Partida had used excessive force against Dirks, and had also "intentionally deprived or conspired to intentionally deprive [] Dirks of his right to be free from malicious prosecution."  Dunn. Decl., Ex. 2. (Dirks Verdict).

Defendants contend that the Dirks lawsuit is irrelevant to the facts of the instant case, would unfairly prejudice Sergeant Partida, and, in any event, runs afoul of the prohibition on the use of character evidence embodied in Federal Rule of Evidence 404(b).  Mot. Lim. at 5-7.  Plaintiffs respond that, as the sole surviving witness to the encounter with decedent, Sergeant Partida's credibility is at issue, and the Dirks lawsuit—specifically, the allegations concerning the falsification of police reports and the jury's verdict regarding malicious prosecution—is highly probative of Sergeant Partida's character for truthfulness.  Opp'n at 1.  In particular, plaintiffs contend that Sergeant Partida "offered two contradictory accounts of the shooting," id. at 3; the first was proffered when Sergeant Partida "had no knowledge or information concerning the location and trajectories of the gunshot wounds" sustained by decedent, whereas the second was offered during Sergeant Partida's deposition, "which was taken shortly after Sergeant Partida received detailed information about the location of the gunshot wounds." Id.

 Evidence of bad acts is not admissible "to prove the character of a person in order to show action in conformity therewith."  Fed. R. Evid. 404(b).  However,  Rule 608(b) "authorizes courts to permit inquiry into specific instances of conduct during cross-examination if they are probative of the character for untruthfulness of the

_____

[4] Although defendants have filed a reply, the Court does not consider it.  See Dkt. 18 (Minutes of Feb. 10, 2014 Scheduling Conference) ("Motions in limine/oppositions shall not exceed five (5) pages in length and *no replies will be accepted.*") (emphasis added).  The parties are admonished to comply with the Court's orders going forward.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|----------|------------------------|------|----------------|

| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. |
|-------|------------------------------------------------------|

witness—subject, of course, to the balancing analysis of Rule 403." United States v. Olsen, 704 F.3d 1172, 1184 n. 4 (9th Cir. 2013). "The inquiry into such specific conduct ordinarily is limited to the testimony elicited on cross-examination, however. This is because the cross-examiner may not introduce extrinsic evidence of such specific instances of conduct other than convictions of crimes." 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 608.22[1] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed.2003); see also United States v. Castillo, 181 F.3d 1129, 1133 (9th Cir. 1999) ("[E]xtrinsic evidence may not be admitted to impeach testimony invited by questions posed during cross-examination.").

Here, it appears to the Court that a jury verdict finding Sergeant Partida guilty of malicious prosecution in connection with the submission of false police reports is highly probative of Sergeant Partida's character for truthfulness. See United States v. Reid, 634 F.2d 469, 473 (9th Cir. 1980) ("Appellant placed his credibility in issue when he took the witness stand. Cross-examination concerning the false statements in the letter was entirely proper to impeach appellant's general credibility."); United States v. Ramsey, 216 F.3d 1085 (9th Cir. 2000) (unpublished) (finding abuse of discretion to preclude cross-examination regarding Officer's false police reports); Helena v. City of San Francisco, No. C04-0260 CW, 2006 WL 1140953, at *7 (N.D. Cal. May 1, 2006) (finding it appropriate to permit cross-examination of officer in excessive force case regarding officer's filing of a false police report).

At argument, defendants asserted that, absent an explanation of the basis for the jury's verdict—which the Dirks' verdict form does not contain—the malicious prosecution verdict is not probative of Sergeant Partida's character for truthfulness. The Court is not persuaded. In U.S. v. Riley, another district court recently rejected nearly identical arguments. No. WDQ-13-0608, 2015 WL 501786 (D. Md. Feb. 4, 2015). There, a criminal defendant sought to cross-examine an undercover police officer concerning a civil suit filed against the officer alleging negligence, assault, battery, and malicious prosecution. Id. at *14. Though the jury in the civil suit returned a verdict against the officer, the government argued that any reference to the malicious prosecution must be excluded because there was no indication that "the jury's verdict was based on malicious prosecution and . . . the jury award was so large that it was likely that [the jury] based the finding on another theory[.]" Id. at *15. Indeed, the jury's verdict form was unavailable and thus never presented to the Riley court. Id. at *14, n.45. Although the Riley court recognized that "[m]ere accusations of prior misconduct inherently have little probative value," the court reasoned that "here, there are more than mere allegations,"—namely,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|---|---|---|---|

| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. |
|---|---|

allegations coupled with a jury verdict. Id.; but see Williams v. City of Chicago, No. 11 C 1105, 2015 WL 410699, at *5 (N.D. Ill. Jan. 30, 2015) (precluding cross examination into malicious prosecution verdict where "[t]here were no special interrogatories to the juries that would tell us the paths to their verdicts, and in particular, whether those paths involved a determination that the officers were untruthful.").

Here, there are likewise "more than mere allegations" that Sergeant Partida filed a false police report—there are allegations coupled with a verdict. Moreover, unlike in Riley, the Court has been presented with the Dirks verdict form, which expressly finds Sergeant Partida liable for malicious prosecution. Accordingly, should Sergeant Partida testify at trial, plaintiffs shall be permitted to cross-examine him concerning the filing of a false police report in connection with the malicious prosecution verdict. However, to avoid distracting the jury from the facts at hand, plaintiffs shall be limited to a single question: "Were you found civilly liable for malicious prosecution in connection with filing a false police report?" Finally, as noted above, plaintiffs will be required to accept Sergeant Partida's answer on cross-examination, without introducing extrinsic evidence of the Dirks lawsuit. Castillo, 181 F.3d at 1133.

However, contrary to plaintiffs' assertions, the Court does not agree that "the [Dirks] allegations of excessive force on the part of Sergeant Partida are inextricably intertwined with the allegations that Sergeant Partida falsified police reports ," Opp'n at 3, such that plaintiffs should be permitted to cross-examine Sergeant Partida concerning the excessive force allegations and accompanying verdict. Sergeant Partida's past use of excessive force does not bear on his character for truthfulness. See 4 Weinstein's Federal Evidence § 609.05 ("[C]rimes of violence generally have limited probative value concerning the witness's character for truthfulness.") (collecting cases). Moreover, the introduction of such evidence would create a high risk that the jury would impermissibly find in favor of plaintiffs on the ground that Sergeant Partida has a propensity for using excessive force, detracting from the relevant inquiry into whether Sergeant Partida used excessive force against decedent on July 19, 2013. See Fed. R. Evid. 404(b)(1), 403.

Accordingly, defendants' motion to exclude evidence of the prior lawsuit is GRANTED in part and DENIED in part. Specifically, plaintiffs may cross-examine Sergeant Partida concerning whether he was found civilly liable for malicious prosecution in connection with filing a false police report. However, plaintiffs may not present extrinsic evidence of the Dirks lawsuit, and may not otherwise question Sergeant Partida concerning the Dirks lawsuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|----------|------------------------|------|----------------|
| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. | | |

**H.      Defendants' Motion *in Limine* to Exclude Reference to Recent Police Killings of Civilians and Related Protests**

Pursuant to Federal Rules of Evidence 401, 402 and 403, defendants seek to exclude any reference, argument, evidence, or testimony relating to recent police-involved killings of civilians, as well as any protests related thereto. Dkt. 56. Plaintiffs have not opposed defendants' motion.

The Court agrees with defendants that the aforementioned events are not relevant to the inquiry at hand—namely, whether Sergeant Partida's actions were objectively reasonable in light of the facts of the *instant* case. See Graham, 490 U.S. at 397. Moreover, under Local Rule 7-12, plaintiffs' failure to file and opposition may be deemed consent to granting defendants' motion. C.D. Cal. L.R. 7-12; see Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir.1995) (*per curiam* ). Accordingly, the Court GRANTS defendants' motion to exclude reference to recent police-involved killings of civilians, as well as any protests related thereto.

**I.      Defendants' Motion *in Limine* to Exclude Past Complaints**

Pursuant to Federal Rules of Evidence 402, 403, and 404, defendants seek to exclude past complaints, civil or otherwise, lodged with the LASD against Sergeant Partida. Dkt. 46. Plaintiffs have not opposed this motion.

The Court agrees that complaints unrelated to the events at issue are not relevant to determining whether Sergeant Partida's use of force against decedent was objectively reasonable. See Graham, 490 U.S. at 397. Additionally, plaintiffs' non-opposition may be deemed consent to granting the instant motion. C.D. Cal. L.R. 7-12; see Ghazali, 46 F.3d at 53–54. Accordingly, the Court GRANTS defendants' motion to exclude reference to past complaints lodged against Sergeant Partida.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                            **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|----------|------------------------|------|----------------|

| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. |
|-------|------------------------------------------------------|

**J.      Defendants' Motions *in Limine* to Exclude Certain Opinions Proffered by Plaintiffs' Police Practices Expert Scott A. Defoe**

Defendants seek to exclude two opinions proffered by Scott DeFoe, plaintiffs' police practices expert.  Dkts. 57, 58.[5]  Plaintiffs have opposed both motions.  Dkts. 70, 71.[6]

Plaintiffs have designated Scott DeFoe as an expert in police practices.  DeFoe offers two opinions, and defendants contend that each must be excluded.  First, DeFoe opines:

> Sergeant Partida should have remained in a line of sight with his partner Deputy Gonzalez and not become involved in a foot pursuit with an individual that he believed may be gang member on active parole and possibly in possession of a firearm. Sergeant Partida should have directed resources and or utilized an Air-Ship to direct resources to effectively establish a perimeter.

Frieman Decl., Ex. 3 (DeFoe Report) at 3.  Second, DeFoe opines:

> [I]n the event [that] Decedent was attempting to discard the firearm *and not pointing the firearm* at Sergeant Partida, a similarly trained Los Angeles County Sheriff's Department Sergeant would not have considered the Decedent to be a lethal threat in this set of facts.

Id. at 5 (emphasis in original).

Federal Rule of Evidence 702 provides that an expert may testify "in the form of an opinion or otherwise" if his or her "specialized knowledge will assist the trier of fact to

---

[5] Defendants have filed two motions challenging DeFoe's opinions.  The first seeks to exclude DeFoe's "legal opinion," dkt. 57, and the second seeks to exclude DeFoe's "first opinion," dkt. 58.  Because of the conceptual overlap between the two motions, the Court treats them together.

[6] As stated supra, defendants' replies to these two motions will not be considered, per the express terms of the Court's February 10, 2014 order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　　　　　**'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|---|---|---|---|
| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. | | |

understand the evidence or determine a fact in issue." In <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 589 (1993), the Supreme Court, in addressing admissibility of "scientific expert evidence," held that FRE 702 imposes a "gatekeeping" obligation on the trial judge to "ensure that any and all scientific testimony . . . is not only relevant, but reliable." In <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999), the Supreme Court "clarified that the gatekeeping function is not limited to 'scientific' expert testimony, but applies to all expert testimony." <u>United States v. Hankey</u>, 203 F.3d 1160, 1167 (9th Cir. 2000). However, "[t]he <u>Daubert</u> factors were not intended to be exhaustive nor to apply in every case." <u>Id.</u> at 1168. Further, admissibility of expert opinion generally turns on preliminary questions of law determined by the trial judge, including <u>inter alia</u>, whether the testimony is relevant and reliable, and whether its probative value is substantially outweighed by risk of unfair prejudice, confusion of issues, or undue consumption of time. <u>Id.</u> at 1168.

According to DeFoe's expert report, DeFoe is a twenty-year veteran of the Los Angeles Police Department ("LAPD"), who retired in June 2010 having received the LAPD Medal of Valor, LAPD Purple Heart, and the LAPD Police Star for his service in connection with events involving the use of lethal force. DeFoe Report at 7. During his many years of service, DeFoe earned basic, intermediary, advanced and supervisory certificates from the California Police Officer Standards and Training ("POST") Commission. Frieman Decl., Ex. 2 (DeFoe Curriculum Vitae). In his capacity as a Field Training Officer, DeFoe trained LAPD recruits in, <u>inter alia</u>, tactics and use of force, and, as a Sergeant in the LAPD's Hollenbeck division, he likewise trained officers and detectives in, <u>inter alia</u>, tactics and use of force options (non-lethal and lethal). DeFoe Report at 6-8. Further, DeFoe was selected by the Chief of Police to serve on the Rampart Corruption Task Force, where he conducted Use of Force audits on Specialized Units in LAPD's Central and South Bureaus. <u>Id.</u> at 7. More recently, DaFoe served as a Sergeant in Special Weapons and Tactics ("SWAT"), where he directly supervised sixty SWAT Officers and facilitated all facets of SWAT training. <u>Id.</u>

As to DeFoe's first opinion that Sergeant Partida should have remained in the direct line of sight of his partner and established a perimeter, defendants contend that it lacks foundation and is irrelevant. Defendants point to DeFoe's deposition, during which he testified that this opinion was based on considerations of "tactical prud[ence]" and "officer safety." According to defendants, because plaintiffs have stipulated to dismissal of the <u>Monell</u> claim for failure to train, dkt. 41, "[n]either officer safety [n]or tactical prudence are issues relevant to this lawsuit." Dkt. 58 at 7. Further, defendants contend that this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|----------|------------------------|------|----------------|

| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. |
|-------|------------------------------------------------------|

opinion lacks foundation, because DeFoe testified that "he is unaware of anything in the Peace Officers Standard and Training ("POST") Manual [indicating] that [it] would be tactically unsound for Sgt. Partida to follow [decedent] in this incident," id. at 7-8, and also testified that "nothing in the record" indicates that Sergeant Partida lost sight of his partner, id. at 8.

Defendants' arguments miss the mark. First, under California negligence law, "liability can arise if the tactical conduct and decisions [of law enforcement] leading up to the use of deadly force show, as part of the totality of circumstances, that the use of deadly force was unreasonable." Hayes v. Cnty. of San Diego, 57 Cal. 4th 622, 626 (2013). Here, plaintiffs' third claim for wrongful death is expressly predicated on Sergeant Partida's alleged negligence in "assess[ing] the circumstances presented to [him]" during the encounter with decedent. SAC ¶ 42. Accordingly, evidence of Sergeant Partida's pre-shooting tactical prudence, or alleged lack thereof, is relevant to the determination of plaintiffs' wrongful death claim.

Second, DeFoe's opinion is supported by adequate foundation. Indeed, defendants mischaracterize DeFoe's deposition testimony. Although DeFoe could not point to a POST standard governing the *specific* facts at hand, DeFoe's expert report demonstrates that his opinion is based on POST Learning Domain No. 23, "Crime in Progress," and, more specifically, Learning Domain No. 23.02 E012, "Establishing a Perimeter." Expert Report at 3. More to the point, it is plain—even from the limited excerpts of DeFoe's deposition proffered by defendants—that DeFoe's opinion is based on his twenty years of relevant, on-the-job experience, as discussed above. Further, defendants take DeFoe's statement that "nothing in the record" indicates that Sergeant Partida lost sight of his partner out of context. Immediately preceding this statement, DeFoe was asked: "What in the record indicates to you that Sergeant Partida could not see his partner . . . ?" Frieman Decl., Ex. 1 (DeFoe Depo.) at 37:12-13. DeFoe responded: "Common sense. If you're running and chasing after someone [i.e., decedent], . . . and they're running away from the location, there's no way of you seeing what's going on behind you [i.e., the location of Sergeant Partida's partner]." Id. at 37:15-19. To the extent that defendants contend that this testimony is speculative, such concerns go to the weight the jury may afford DeFoe's testimony, not to its admissibility in the first instance. In sum, DeFoe is qualified to opine on the relevant topic of Sergeant Partida's tactical prudence.

As to DeFoe's second opinion that "a similarly trained Los Angeles County Sheriff's Department Sergeant would not have considered the Decedent to be a lethal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|---|---|---|---|

| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. |
|---|---|

threat in this set of facts," defendants contend that this is tantamount to an impermissible legal conclusion that Sergeant Partida's use of force was unreasonable.  Dkt. 57 at 2-6. Defendants are correct that "an expert witness cannot give an opinion as to her *legal conclusion, i.e.,* an opinion on an ultimate issue of law."  Elsayed Mukhtar v. California State Univ., Hayward, 299 F.3d 1053, 1066 (9th Cir. 2002), overruled on other grounds by Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457 (9th Cir. 2014) (emphasis in original); see also Scott v. Henrich, 39 F.3d 912, 916 (9th Cir. 1994) (where facts are disputed, whether officers' actions were "objectively reasonable" in light of the facts and circumstances confronting them is a question for the jury).  However, DeFoe's opinion does not address the ultimate issue of law in this case—namely, whether Sergeant Partida violated decedent's Fourth Amendment rights.  Rather, it permissibly compares Sergeant Partida's conduct to that of a "similarly trained" Sergeant.  See Davis v. Mason Cnty, 927 F.2d 1473, 1485 (9th Cir. 1991) ("Fed. R. Evid. 702 permits expert testimony comparing conduct of parties to the industry standard.").  The Court thus finds that DeFoe is qualified to opine as to whether the officers' use of force was excessive or unreasonable in light of relevant police standards.  However, such testimony should be explored through hypothetical questioning so as to avoid invading the province of the jury.  Accord Valtierra v. City of Los Angeles, No. 2:13-CV-07562, 2015 WL 1644894, at *6 (C.D. Cal. Apr. 13, 2015); Engman v. City of Ontario, No. EDCV 10-284, 2011 WL 2463178, at *7 (C.D. Cal. June 20, 2011).

In conclusion, the Court finds that DeFoe is an expert in police training and tactics and may generally testify in this capacity, so long as such testimony does not invade the province of the jury.  Accordingly, the Court DENIES defendants' motions to exclude DeFoe's testimony.

## III.  CONCLUSION

In accordance with the foregoing, the Court concludes as follows:

The Court GRANTS plaintiffs' motion to exclude reference to the fact that Sergeant Partida was neither criminally charged, nor internally disciplined, for the subject shooting of decedent.

Plaintiffs' motion to exclude decedent's "bad acts" is GRANTED in part and DENIED in part.  As to liability, the motion is GRANTED insofar as plaintiffs seek to exclude evidence of decedent's criminal record, but DENIED insofar as plaintiff's seek to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|---|---|---|---|
| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. | | |

exclude evidence that Sergeant Partida was aware of decedent's parolee status. As to damages, the motion is GRANTED to the extent that plaintiffs seek to exclude reference to the specifics of decedent's criminal record, but DENIED to the extent that plaintiffs seek to exclude reference to the fact and duration of decedent's prior incarceration. However, "incarceration" shall be referred to as "time spent away from home," or similarly neutral phrasing.

Plaintiffs' motion to exclude evidence of decedent's intoxication is GRANTED in part and DENIED in part. Specifically, it is GRANTED insofar as defendants seek to introduce evidence of decedent's intoxication to prove that it was objectively reasonable for Sergeant Partida to use lethal force. However, it is DENIED insofar as defendants seek to introduce this evidence to corroborate Sergeant Partida's version of decedent's pre-shooting behavior.

Plaintiffs' motion to exclude evidence of decedent's drug history is GRANTED in part and DENIED in part. The motion is GRANTED as to proof of liability, but DENIED as to proof of damages.

Plaintiffs' motion to exclude evidence of decedent's gang affiliation is GRANTED in part and DENIED in a part. The motion is DENIED insofar as plaintiffs seek to preclude evidence that Sergeant Partida believed that decedent was gang-affiliated based on his observations of decedent's tattoo and clothing. However, the motion is otherwise GRANTED, and there shall be no other argument, testimony, or evidence adduced at trial related to decedent's alleged gang membership.

Plaintiffs' motion to exclude the expert testimony of Dr. Pietruszka is GRANTED in part and DENIED in part. The motion is GRANTED insofar as plaintiffs' seek to exclude Dr. Pietruszka' third, and sixth through eighth opinions, identified supra. The motion is otherwise DENIED.

Defendants' motion to exclude evidence of the prior lawsuit against Sergeant Partida is GRANTED in part and DENIED in part. Specifically, plaintiffs may cross-examine Sergeant Partida concerning whether he was found civilly liable in connection with filing a false police report. However, plaintiffs may not present extrinsic evidence of the lawsuit, and may not otherwise question Sergeant Partida concerning the lawsuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:13-cv-06631-CAS(SSx) | Date | August 3, 2015 |
|---|---|---|---|
| Title | EDNA CASTRO, ET Al. v. COUNTY OF LOS ANGELES ET AL. | | |

The Court GRANTS defendants' motion to exclude reference to recent police-involved killings of civilians, as well as any protests related thereto.

The Court GRANTS defendants' motion to exclude reference to past complaints lodged against Sergeant Partida.

The Court DENIES defendants' two motions to exclude the testimony of plaintiffs' police practices expert Scott DeFoe.

IT IS SO ORDERED.

|   |   | 00 | : | 19 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |